IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEHINDE BALOGUN,

      Plaintiff,

                                       Case No. 18-CV-301

  v.

THE BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,
KEVIN CHEREK and BOBBY BURROW,

      Defendants.

---

## DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS (DKT. 77)

---

Defendants, by and through their undersigned counsel, submit this response to the Plaintiff's proposed jury instructions as follows:

**1.     Title VII Race and National Origin Instructions."**

Defendants object to Plaintiff's "Title VII Race and National Origin Instructions." Defendants request that their modified model jury instruction 3.01, "General Employment Discrimination Instructions" be used in place of Plaintiff's "Title VII Race and National Origin Instructions." Defendants reserve further objection to this instruction pending the Court's decision on Plaintiff's race and national origin discrimination claims.

### 2. Retaliation.

Defendants object to Plaintiff's proposed "Retaliation" jury instruction. This proposed jury instruction is confusing and too specific. Defendants request that their modified model jury instruction 3.02, "Retaliation" be used in place of Plaintiff's proposed instruction.

### 3. Damages.

Defendants object to Plaintiff's proposed "Damages" jury instruction on the grounds that it is not as clear and detailed as the damages instructions proposed by the Defendants. Defendants request that their modified model jury instructions 3.09-3.11 be used to instruct the jury on damages.

### 4. General Instructions – The Statute (§ 1981).

Defendants object to the Plaintiff's proposed "General Instructions – The Statute (§ 1981)" jury instruction because Defendants are unable to discern or locate Plaintiff's cited authority for the instruction. The Defendants further object because the Seventh Circuit Pattern Civil Jury Instructions contemplate the same instruction for section 1981 and Title VII discrimination and retaliation claims. (*See, e.g.* 7th Cir. Pattern Civil JI 3.02, comment a. ("This instruction is to be used in Title VII, § 1981, and ADEA cases after the general instruction.") There is no need to instruct the jury on the purpose of the statute.

### 5. Purpose of the Statute (§ 1981).

Defendants object to Plaintiff's proposed "Purpose of the Statute (§ 1981)" jury instruction for the same reasons cited in section 4 above.

**6.    Essential Elements (§ 1981).**

Defendants object to Plaintiff's proposed "Essential Elements (§ 1981)" jury instruction for the same reasons cited in section 4 above.

**7.    The Right to Contract**

Defendants object to Plaintiff's proposed "The Right to Contract" jury instruction for the same reasons cited in section 4 above.

**8.    African American Plaintiffs.**

Defendants object to Plaintiff's proposed "African American Plaintiffs" jury instruction as it is unnecessary and no one is contesting that African Americans are entitled to the same rights as all persons under Section 1981.

**9.    Intent.**

Defendants object to Plaintiff's proposed "Intent" jury instruction for the same reasons cited in section 4 above.

**10.    Circumstantial Evidence of Intent.**

Defendants object to Plaintiff's proposed "Circumstantial Evidence of Intent" jury instruction for the reasons cited in section 4 above.

**11.    Impact.**

Defendants object to Plaintiff's proposed "Impact" jury instruction for the same reasons cited in section 4 above.

**12.    Mixed Motive.**

Defendants object to Plaintiff's proposed "Mixed Motive" jury instruction on the grounds that it is confusing and too specific and fails to follow the suggested

language in the Seventh Circuit Pattern Jury Instructions. (*See* JI-Civil 3.01, comment c.).  Defendants are unable to discern or locate Plaintiff's cited authority "Federal Jury Instructions, Instruction 87-16." (Dkt. 69:14.)

In addition, there is no evidence that the Defendants were motivated by Balogun's race or national origin when Balogun was laid off and not rehired. The Seventh Circuit holds that when a party requests a mixed motive or motivating factor instruction, "the district court should simply determine whether the evidence supports the instruction." *Rapold v. Baxter Int'l Inc.*, 718 F.3d 602, 612, 2013 WL 3031130 (7th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (June 3, 2013) (citing *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003) ("[I]n order to obtain an instruction under § 2000e–2(m), a plaintiff need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that ... 'national origin was a motivating factor for any employment practice.' ") (quoting 42 U.S.C. § 2000e–2). "The correct question then is whether [the plaintiff] presented sufficient evidence that his national origin played some part in [the defendant's] decision." *Rapold*, 718 F.3d at 612.

In *Rapold*, the Seventh Circuit found the District Court's failure to include the instruction in a national origin discrimination case a close question. Rapold introduced at trial several instances in which his supervisor, Hunt, referred to so-called "European cultural differences"—from attributing difficulties with Rapold to "culture" to stating that perhaps someone could work with him who understood the "Germanic approach," which she described as an autocratic, hierarchical

4

management style. The Seventh Circuit found that "when presented in context, none of these instances support an inference that Hunt or Baxter held any discriminatory animus against Germans, Europeans, or Dr. Rapold himself. Shortly after Dr. Rapold began his consultancy, he exhibited a pattern of rude, arrogant, and authoritarian behavior. Instead of terminating the consultancy immediately, Baxter and Hunt in particular posited that perhaps Dr. Rapold's inappropriate behavior could be explained by his cultural background and that with a little effort he could adjust his behaviors to conform with Baxter's legitimate business expectations. That is to say, there is no evidence in the record suggesting Hunt or anyone else at Baxter posited that because Dr. Rapold was Germanic he was arrogant and rude; rather, the evidence supports only the conclusion that Dr. Rapold revealed himself to be arrogant and rude, and Hunt speculated that his cultural background could provide one explanation for his inappropriate behavior." *Id.* at 612.  Thus, the Seventh Circuit was "hardpressed to see how the motivating factor instruction would have made a difference here: the evidence shows that Baxter responded to Dr. Rapold's *conduct*, not to any preexisting notion of how German or European employees behave." *Rapold*, 718 F.3d at 612.

Here, at least at the summary judgment stage, Balogun failed to provide even the minimal evidence the plaintiff presented in *Rapold* to form the basis of a reasonable inference that Balogun's race or national origin played any part in the Defendants' decisions. Therefore, the Defendants request the Court to deny Plaintiff's request for the mixed motive instruction. In the alternative, the Defendants request

the Court to reserve ruling on the instruction until Balogun presents his evidence of discriminatory motive at the trial, in the event this claim goes to trial. And if the Court finds that a "Mixed Motive" instruction is appropriate for the jury, the Defendants request that the instruction from the Seventh Circuit Pattern Jury Instructions be used that:

Plaintiff must prove by a preponderance of the evidence that his [Race / National Origin] was a motivating factor in Defendant's decision to [lay off and not rehire] him. A motivating factor is something that contributed to Defendant's decision.

If you find that Plaintiff has proved that his [Race / National Origin] contributed to Defendant's decision to [lay off and not rehire] him, you must decide whether Defendant proved by a preponderance of the evidence that it would have [laid him off from his position] ~~him~~ even if Plaintiff was not [Black / from Nigeria]. If so, you must enter a verdict for the Plaintiff but you may not award him damages.

And if the Plaintiff is allowed this instruction, then the Defendants request a "common actor" inference instruction:

If the decision maker was unbiased when he hired or promoted the plaintiff, it's reasonable to infer that he was unbiased when he later laid off and did not rehire the plaintiff. *Perez v. Thornton, Inc.* 731 F. 3d 699, 709 (7th Cir. 2013).

## 13. Same Result Defense

Defendants object to Plaintiff's proposed "'Same Result' Defense" jury instruction for the reasons cited in section 4 above.

## 14. Pretext.

Defendants object to Plaintiff's "Pretext" jury instruction for the same reasons cited in section 4 above.

15.     **Punitive Damages.**

Defendants object to Plaintiff's "Punitive Damages" instruction because Plaintiff's second amended complaint did not demand or request punitive damages. (Dkt. 15:10-11.) In addition, punitive damages are not available in Title VII claims brought against the State. *Passanati v. Cook County*, 689 F.3d 655, 677 (7th Cir. 2012) (holding that a plaintiff's government employer "cannot be held liable for punitive damages").

16.     **Back Pay.**

Defendants object to Plaintiff's "Back Pay" instruction on the basis that it is confusing, duplicative, and directly contradicts previous proposed instructions to the jury. In Plaintiff's proposed "Damages Instructions" the jury is told that "[t]he court will calculate and determine any damages for past or future lost wages and benefits," whereas the jury is instructed how to calculate Plaintiff's back pay in this instruction. The Defendants agree that the Court should calculate Plaintiff's back pay in the event it is necessary.

17.     **Instruction Regarding ERD's Finding No Probable Cause In Cases CR 201001755 And 201003825.**

Defendants object to Plaintiff's "Instruction Regarding ERD's Finding No Probable Cause In Cases CR 201001755 And 201003825," as a proposed jury instruction because it is unduly prejudicial to the Defendants and it is unnecessary for the jury to understand its task and reach its verdict. The Plaintiff has also raised this issue as a Motion in Limine, which Defendants will respond to accordingly.

Dated this 22nd day of July, 2019.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin


s/ Rachel L. Bachhuber
RACHEL L. BACHHUBER
Assistant Attorney General
State Bar #1052533

JEFFERY A. SIMCOX
Assistant Attorney General
State Bar #1116949

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0188 (Bachhuber)
(608) 267-2230 (Simcox)
(608) 267-8906 (Fax)
bachhuberrl@doj.state.wi.us
simcoxja@doj.state.wi.us